## No. 85.

### Thomas Sewell, Agent, *v.* John P. Jacobs *et al.*

1. Appellant must bring up a complete record of appeal, or in due season at the time of, or before the argument, suggest a diminution thereof, otherwise the appeal will be dismissed.

2. This Court cannot order the completion of a record, after the submission of the case upon its merits.

3. Attorneys are but the agents of the litigants they represent, and it is the *principal* who is charged with the knowledge of the history of his cause, and the fault or negligence of such principal is not excused by the fact that his counsel were not participants therein.

*Appeal from the Fifth District Court, Parish of Orleans.*
*Rogers, Judge.*

*Breaux & Hall*, for plaintiff and appellant.

*W. E. Murphy*, for defendants and appellees.

The opinion of the Court was rendered by S. S. Carlisle, Judge *ad hoc*, vice Rogers, judge, recused, having decided the case in the first instance.

CARLISLE, Judge *ad hoc.*—This cause came up for hearing in this Court on the day fixed and was regularly submitted.

An application for a writ of *certiorari* was made, after submission of the case, by appellant to perfect the record, which was found to contain none of the testimony adduced in the lower court.

This case involves an amount exceeding five hundred dollars, and in the absence of any bill of exceptions or assignment of errors, the evidence upon which the judgment appealed from was rendered should be placed before us before it can be considered.

The record is clearly defective in this respect, and the question is presented whether the fault is imputable to the appellant.

We think it is. The appeal was granted, on motion, July 3, 1880, and made returnable to this Court on the 8th day of November following, a sufficiently long interval in which to have discovered the loss of the testimony, and taken steps to have found it, or to have replaced it in the manner pointed out by law.

If the loss of the testimony had not been discovered before the return day, it certainly became known to appellant then, as on that day, under rule No. 5 of this Court, he filed a detailed list of all the pleadings, evidence and documents produced on the trial of the cause in the lower court, and he then became aware of the defective character of the record. Yet he took no steps even then to remedy it. His application for a *certiorari* comes too late.

As we said in the case of Becker *v.* Quick *et al.*, 1 McGloin, 111 :

" If the record be defective through the fault of appellant, and he makes no timely effort to perfect it, the appeal must be dismissed."

It was the duty of appellant to bring up a complete record, or in proper time suggest a diminution of the record in order that

it should be corrected, if possible, and the trial be proceeded with. 27 La. An. 105; 18 La. An. 180.

It is unnecessary to consider here the question as to whether the motion to dismiss was urged in time.

We laid down in Grivot v. Waples, No. 38, recently decided, that even though no motion to dismiss had been urged, we should yet, *ex proprio motu*, dismiss an appeal where appellant brings up a transcript or record of appeal which is clearly defective, and where no timely effort is made to cure its defects, and in this view we are sustained by the jurisprudence of this State. 8 La. An. 433 ; 18 La. An. 229 ; 27 La. An. 105.

Let the appeal, therefore, be dismissed at the cost of the appellant.

---

## ON APPLICATION FOR REHEARING.

McGLOIN, J.—We are asked to set aside the decree refusing a *certiorari* and dismissing the appeal in this case, on the ground that the present counsel of appellant was not aware of the fact, until the filing of the motion to dismiss, that the record was incomplete, and hence they have not been negligent.

The application in this case for a writ of *certiorari* to complete the record was not made until after the cause was duly fixed for trial in, and submitted upon the merits to, this Court. At the same time appellee presented and submitted the motion to dismiss.

Under articles 896, 897 and 898 C. P., it does not seem that the Court has the authority, *after the time of argument*, to issue an order for the completion of a record. Nor is there any wise or just purpose to be served in extending grace beyond this period, for surely, if an appellant does not discover the deficiencies, *even when trying his case*, they must be diminutions which are unusually well concealed, or else there must be such inattention on his part as to preclude his claiming that he is faultless in the premises.

In this case, had the application for a *certiorari* been made at the time the motion to dismiss was filed, and before or at the moment the case was submitted, we probably, under the circumstances disclosed, might have exercised in appellant's favor the *discretion* accorded us by C. P. 898. We do not, however, feel authorized, or inclined, to grant relief upon an application so tardy as that made in this instance. Nor does the law, in our opinion, justify the assumption that because an appellant changes counsel, and does not take the precaution to furnish the later one with all information material to the case, or does not put him in a way to obtain it, that he may escape the consequences of his negligence. Attorneys are but agents of the litigants they represent, and it is the *principal* who is charged with knowledge of the history of his case, and the fault or negligence of such principal is not excused by the fact that his counsel were not participants therein.

Even if disposed to follow, as regulating the practice of this Court, the precedents set in Holbrook *v.* Holbrook, 32 La. An. 15, and in Jas. Henry West *v.* P. E. Davis and Mrs. Henry Kuntz, No. 7242, Supreme Court, not yet reported, but to be found in Opinion Book 51, page 94, if these go to the extent of declaring that a motion to dismiss, even touching matters which the Court will notice *ex proprio motu*, will be denied if filed more than three days after the record is lodged in this Court, they would not be applicable to this case. The precedents mentioned expressly declare that the failure of appellee to move to dismiss within three days does not preclude the Court from dismissing the appeal, *ex propria motu*, for the causes under consideration, if the latter are discovered *when examining the case upon its merits*. We have already stated that this controversy was submitted upon the motion to dismiss *and upon the merits* at the same time.

A rehearing is, therefore, refused.